LEONARD *v.* HEY.

MORRISON *v.* SAME.

BABCOCK *v.* SAME.

1. Motor Vehicles—Right Side of Road—Skidding Across Road.
   Failure of driver of motor vehicle to keep on the right side of the road as required by statute may be excused when, through no fault of his own, his car skids across road on slippery pavement but if skidding is result of his own negligence he is not absolved from consequences thereof (1 Comp. Laws 1929, § 4703).

2. Same—Crossing Street Car Tracks—Skidding.
   Finding of court in case tried without a jury that driver of a motor vehicle was not guilty of negligent act which proximately caused collision on wrong side of road after her car had crossed a double set of street car tracks at a place where the road narrowed and skidded before plaintiffs' oncoming car is affirmed where there is evidence to support it.

3. Appeal and Error—Questions of Fact—Evidence.
   Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

Appeal from Oakland; Covert (Frank L.), J. Submitted October 12, 1934. (Docket No. 132, Calendar No. 38,084.) Decided December 10, 1934.

Separate actions of case by Edward Leonard, Elzie Morrison and Irving B. Babcock against Roy E. Hey for personal injuries sustained as the result of a collision between automobiles. Cases consolidated for trial and appeal. Judgments for defendant. Plaintiffs appeal. Affirmed.

*William J. Eggenberger,* for plaintiffs.

*Howard D. Brown* (*George H. Cary,* of counsel), for defendant.

EDWARD M. SHARPE, J.   The plaintiffs, Edward Leonard, Elzie Morrison, and Irving B. Babcock, brought separate suits against the defendant, Roy E. Hey, for damages arising out of an automobile collision between a Buick sedan owned by Irving B. Babcock and operated by his chauffeur, Elzie Morrison, and a Graham Paige sedan owned by defendant, Roy E. Hey, and operated by his wife, Lovina Hey, Edward Leonard, the other plaintiff, was a passenger in the Buick car.   All three cases were consolidated and tried before the trial judge, a jury trial being waived.

The undisputed facts are that the collision occurred November 5, 1931, at about 4 p. m. on Woodward avenue in the city of Birmingham.   Plaintiffs were driving south on Woodward and had passed the intersection of Oak street, while defendant's wife and her mother were driving north on Woodward avenue.   Woodward avenue is a wide paved highway with double street car tracks in the center and near the intersection with Oak street a part of the east half of Woodward avenue comes to an end, so that north-bound traffic must cross the street car tracks to the left in order to continue on Woodward avenue, north of Oak street.   That portion of Woodward avenue north of Oak street being wide enough, however, to provide room for two cars traveling abreast going north and south.   The county road commission had marked the pavement at this crossing to separate north and south-bound traffic.   On the west side of Woodward avenue and south of Oak street is located a gasoline station with two driveways leading into it.   The distance between the west

curb of Woodward avenue and the west rail of the car track is 31 feet. It had been raining and the pavement was wet and slippery and as the driver of defendant's car started to cross the tracks, in order to enter into the narrower part of Woodward avenue, her car skidded on the rails and the car headed westerly towards one of the driveways of the gasoline station and then turned in a northerly direction colliding with plaintiff's car.

It is the claim of the plaintiff that he was traveling south 30 miles per hour on Woodward avenue; that he slowed down to 20 miles per hour at Oak street and came to a stop at the moment of the impact; that the collision occurred within five feet of the west curb of Woodward avenue and 25 feet west of the center of the street; that defendant's car was being driven at a rate of speed estimated at being from 30 to 35 miles per hour; that defendant's car skidded a distance estimated by one witness as 100 to 125 feet and that her failure to observe traffic conditions was the proximate cause of the accident. The defendant contends that the driver of his car was an experienced driver; that she operated the car at a reasonable rate of speed and not exceeding 25 miles per hour; that while crossing a double set of rails at a customary and designated point of crossing the rear wheels of her car caught in the westerly or south-bound set of rails; that the defect in the crossing coupled with the wet pavement caused her car to skid to the westerly side of Woodward avenue; that before she could right her car and get back on the east side of Woodward avenue her car stalled and while in that condition was struck by plaintiff's car traveling at an excessive rate of speed.

The trial court found that while the plaintiff's driver was not guilty of contributory negligence, that "there is nothing to indicate, after the skidding of the car, defendant's driver was guilty of any negligent act which was the proximate cause of the collision. She seems to have been a reasonably good driver with considerable experience and acted as the average prudent person would do under like circumstances." From this finding plaintiffs appeal.

It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute (1 Comp. Laws 1929, § 4703; *Chase* v. *Tingdale Bros.,* 127 Minn. 401 [149 N. W. 654]), but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional. Berry on Automobiles (4th Ed.), § 865. "One cannot be held guilty of negligence in unconsciously failing to keep to the right of the highway, where that is impossible by reason of circumstances over which he has no control, and for which he is in no sense responsible." 1 Blashfield, Cyclopedia of Automobile Law, p. 414.

The question for our consideration is whether or not there is substantial evidence from which the court could make such a finding.

Arthur McRoberts, a witness produced by plaintiffs, testified as follows:

"*Q.* Can you describe the degree of the angle that the car took after it changed from a straight north-bound course across the car tracks?

"*A.* As I viewed it the car was traveling north very close to the street car tracks, a little bit to the right-hand side, and took a very easy turn to the left to make the crossing. The front wheels went across all right but the two rear wheels caught in the car tracks."

Gerald Lewis, a witness for the defendant, testified:

"*Q.* Will you describe for us the course and actions of the Graham Paige as you saw it from the time you first saw it skidding?
"*A.* When I seen the Graham Paige, the rear end seemed to have slid around and caught in the track and I noticed the car attempted to turn and being caught in the track and starting sliding as a result of wet tracks and seemed for a moment that the car was out of control but it was straightened up and she slowed down."

There is undisputed evidence that the streets and rails were slippery and there is some evidence that the defendant's car made an improper crossing of the tracks and a jury might be inclined to favor plaintiffs with a verdict, yet the law permits the trier of the facts a wise discretion in determining what those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction. In the instant case there is evidence from which the trial court could make the findings that he did.

Judgment affirmed, costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.