BAUMGARTNER v. ST. ARMOUR.

1. Appeal and Error—Finding of Court—Court Rules.

On appeal from judgment of court in case tried without a jury Supreme Court accords weight to the finding of the circuit judge when supported by the evidence, but upon assignment of error under Court Rule No. 64 (1933), Supreme Court must determine whether such ''judgment is against the preponderance of the evidence.''

2. AUTOMOBILES—REAR END COLLISION—PREPONDERANCE OF EVIDENCE.
Motorist who drove her car at 40 miles an hour up to within 10
or 12 feet of rear of truck and trailer train with 28-ton load
and moving upgrade over a viaduct at speed of 4 miles an
hour at 2 a. m., before she attempted to pass at left and
claiming that rear end of rear trailer, weighing 14 tons with
load, suddenly ''shimmied'' 3 or 4 feet to left from its line
of traction at moment she sought to pass *held,* not to have
established her case by a preponderance of evidence (Court
Rule No. 64 [1933]).

Appeal from Washtenaw; Sample (George W.),
J. Submitted June 2, 1936. (Docket No. 23, Cal-
endar No. 38,976.) Decided September 2, 1936.

Case by Augusta Baumgartner against Ralph St.
Armour and the U. S. Truck Company, Inc., a Mich-
igan corporation, for personal injuries sustained in
a motor vehicle collision. Judgment for plaintiff.
Defendants appeal. Reversed without a new trial.

*Burke & Burke,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

WIEST, J. This is an automobile accident case,
tried at circuit before the court, with judgment for
plaintiff and appeal by defendants.

The accident happened at about 2 o'clock a. m.,
May 26, 1934, in clear weather and upon a dry pave-
ment on the viaduct over State street and the Ann
Arbor railroad in the city of Ann Arbor, where the
roadbed was 40 feet wide with four lanes for traffic.

The truck of defendant company, with two trail-
ers carrying a load of 28 tons, was proceeding west-
ward up the grade of the viaduct at a speed of about
four miles per hour, and occupying the northerly
and proper lane for such traffic. Plaintiff was driv-

ing her automobile in the same direction and lane for traffic at a speed of 40 miles per hour; saw the trailer about 100 feet ahead and drove directly toward it until within 10 or 12 feet of it, and claims that she then turned to the left to pass and, while in the next westward lane for traffic, the rear trailer swerved over three or four feet into the pathway of her car so that the right front of her car collided with the left rear end of the trailer.

Defendants moved for a directed verdict at the trial, and moved for a new trial on the ground, among others, that the finding of the court was against the great weight of the evidence. Both motions were denied.

Defendants prosecute review under the provision of Court Rule No. 64 (1933), which permits an assignment "that the judgment is against the preponderance of the evidence."

We accord weight to the finding of the circuit judge when supported by evidence, but in a review under the rule we must determine whether "the judgment is against the preponderance of the evidence."

Passing the question of plaintiff's want of prudence in driving up to within 10 or 12 feet of the trailer, with view of it for at least 100 feet, and with free roadway to pass, we come to the pivotal question of whether she then, by management of her car, had open, free passageway had not the trailer suddenly swerved and blocked such way.

Plaintiff's testimony to such effect was wholly negatived by an eyewitness who testified that she drove straight ahead into a rear end collision with the trailer, and also by evidence of physical facts indicating a rear end collision and the force of gravity rendering it improbable, if not impossible, for a trailer, weighing four tons, carrying a load of

ten tons up a grade on a dry pavement at a speed of four miles per hour, to become so skittish as to shimmy three or four feet from its line of traction. The tractor hauling the trailers never left the north traffic lane and was immediately stopped when the collision occurred, and disinterested witnesses found the trailer, with the auto under its left rear end, at the extreme right of the road.

The preponderance of the evidence established the fact that plaintiff drove to within 10 or 12 feet of the trailer without reducing speed from 40 miles per hour and then, in attempting to turn to pass at the left, did not make clearance and there was a rear end collision.

Plaintiff did not establish her case by a preponderance of the evidence and the judgment is reversed without a new trial, and with costs to defendants.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.