ALEXANDER *v.* SANDERS.

1. APPEAL AND ERROR—QUESTIONS OF FACT—EVIDENCE.
   Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   In action by motorist for damages arising from collision at intersection of two city streets, neither of which were through streets, between his southbound car driven at speed of about 20 miles per hour and defendant's eastbound car, driven at speed of 30 miles per hour, where both drivers approached corner in view of each other for 250 feet away from corner, evidence *held*, to permit entry of judgment for defendant on ground that plaintiff failed to establish freedom from contributory negligence, where case was tried without a jury.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 19, 1937. (Docket No. 64, Calendar No. 39,098.) Decided April 29, 1937.

Case by Alex Alexander against Llewellyn Sanders for personal injuries resulting from a collision between automobiles at an intersection of highways. Judgment for defendant. Plaintiff appeals. Affirmed.

*John McClellan,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

BUSHNELL, J. On May 11, 1934, about 7:30 a. m., plaintiff was driving south on North Jenison avenue in the city of Lansing at a speed of about 20 miles per hour and defendant was driving east on West Michigan avenue at a speed of about 30 miles per hour. Each driver could see the other when at least

250 feet away from the intersection, their view across the northwest corner of North Jenison and Michigan avenues being unobstructed. These two residential streets are paved and have traffic warning "slow" signs on their corners. Plaintiff, when about a half block away from the intersection, saw defendant, then about twice as far away; plaintiff slowed down to 15 miles per hour at the north cross-walk, at which time defendant was about 50 feet west of his nearest cross-walk. Believing he could cross the intersection with safety, and that defendant would slow up, plaintiff proceeded without changing his speed, still keeping the other car under observation. Defendant did not slow down, but struck plaintiff's car as its front end "was almost even with the south end of the sidewalk," turning it over and damaging it to the extent of $69.95. Plaintiff was injured and required medical attention for about four months.

The trial judge, sitting without a jury, determined from the facts presented that the plaintiff had failed to establish his freedom from negligence.

We said in *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111), that:

"We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction."

Our observation in the cited case is equally applicable here, as "there is evidence from which the trial court could make the findings he did."

We are reluctant to disturb this determination of the trial judge and are unwilling to hold that the court was in error in entering a judgment for the defendant.

The judgment is affirmed, with costs to appellee.

Fead, C. J., and North, Wiest, Butzel, Sharpe, Potter, and Chandler, JJ., concurred.