ROLLIN v. VAN TINE.

1. AUTOMOBILES—SIDE COLLISION—VERDICTS AND FINDINGS—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE.

In action for damages arising from collision of left rear end of plaintiff's car with left front end of defendant's car which occurred as the cars met and were about to pass each other on a wet pavement, finding of court sitting without a jury that there was "no evidence whatever of negligence on the part of plaintiff" and awarding him damages *held*, to necessitate conclusion that trial court found plaintiff free from contributory negligence and that the collision occurred by reason of negligence of defendant.

2. APPEAL AND ERROR—QUESTIONS OF FACT—EVIDENCE.

Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless the evidence clearly preponderates in the opposite direction.

3. AUTOMOBILES—NEGLIGENCE—EVIDENCE.

Evidence that defendant was negligent as he attempted to meet and pass plaintiff's car during a winter evening *held*, sufficient to sustain finding of negligence by trial court, sitting without a jury.

WIEST, C. J., and CHANDLER and NORTH, JJ., dissenting.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted January 22, 1938. (Docket No. 140, Calendar No. 39,247.) Decided February 24, 1938.

Case by Harry Rollin against Thomas Van Tine for personal injuries and car damage sustained in an automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*T. George Sternberg,* for plaintiff.

*Orr & Orr,* for defendant.

SHARPE, J.   I am not in accord with Mr. Justice WIEST's opinion.   The record shows that there were three eyewitnesses to the accident who testified at the trial.   All witnesses agree that immediately before the cars collided, each car was on its proper side of the highway.   Plaintiff testified that at all times he was driving on the proper side of the highway and at least 18 inches from the center.   Leo Walker, a witness riding in the front seat with plaintiff, testified that plaintiff was upon his proper side of the road; that the car did not swerve before the collision; and that plaintiff's car was a distance of from 12 to 20 inches from the center line of the highway.

Defendant testified that as the cars were passing each other, the rear end of plaintiff's car "slued or skidded" across the center line of the highway and caught the front fender of defendant's car.   Defendant also testified that after the accident he traced the tracks of plaintiff's car through the slush and found that the marks were over the center of the highway.   The evidence as to the marks in the slush was corroborated by the testimony of Miss Larsen who arrived upon the scene after the accident occurred.   However, plaintiff's witness testified that the road was wet, but with no slush upon the highway as the snow melted as soon as it reached the pavement.   The principal issue involved in this case presents a question of fact.   The trial court had the privilege of seeing and hearing the witnesses testify.   He found that there "was no evidence whatever of negligence on the part of the plaintiff" and awarded plaintiff damages.

The only conclusion that can be arrived at from the court's findings is that plaintiff was free from contributory negligence; and that the collision occurred by reason of the negligence of defendant. In *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111), we held that we do not substitute our judgment on questions of fact unless the evidence clearly preponderates in the opposite direction.

See, also, *Paton* v. *Stealy*, 272 Mich. 57; *Baumgartner* v. *St. Armour*, 276 Mich. 650.

To say that the alleged negligence of the defendant was not established does violence to the policy of this court as enunciated in *Leonard* v. *Hey, supra,* and to hold otherwise would be a substitution of our judgment for that of the trial judge.

The judgment is affirmed. Plaintiff may recover costs.

BUTZEL, BUSHNELL, POTTER, and McALLISTER, JJ., concurred with SHARPE, J.

WIEST, C. J. (*dissenting*). The evening of January 4, 1936, plaintiff's and defendant's automobiles approached one another, each on its proper side of the center line of a paved highway but, in passing, there was a collision between the left front of defendant's car and the left rear side of plaintiff's.

Plaintiff claims that defendant's car, after passing the front of his car, turned to the left and caused the collision.

Defendant claims that, as he passed the front of plaintiff's car, the rear of that car slued into the pathway of his car, and that caused the collision.

The issues were tried before the court, and a finding made that defendant was guilty of negligence and there was ''no evidence whatever of negligence on the part of plaintiff, and the contact not being

with the front of plaintiff's car, but with his rear, the court finds for the plaintiff.''

Presumably the court thought the statute, 1 Comp. Laws 1929, § 4788, helpful in determining fault. That statute creates a *prima facie* presumption of negligence where one vehicle overtakes and strikes the rear end of another vehicle proceeding in the same direction.

In the instance at bar the vehicles were traveling in opposite directions and there was no rear-end collision and no presumption of negligence.

The finding of ''no evidence whatever of negligence on the part of plaintiff'' was not equivalent to an affirmative finding that plaintiff was free from contributory negligence, and leaves that finding subject to the criticism of counsel for defendant that the court entertained the view that the burden was on defendant to make a showing on that subject.

The plaintiff had the burden of establishing the alleged negligence of defendant and his own freedom from contributory negligence. This is too elementary to require citation of authority.

The pavement was narrow, but wide enough to afford clearance of the cars if on the proper sides of the center line.

Defendant claims that it was snowing and there was slush upon the pavement; while plaintiff claims the pavement was only wet from snow melting as it fell.

Each driver saw the approach of the other and agree that each one was on his proper side of the center line of the pavement when the fronts of the cars came opposite one another. From that point they disagreed, plaintiff claiming that his car continued its straight course, and defendant's car turned into collision with the rear side thereof; while de-

fendant claims that his car continued in its straight course but the rear of plaintiff's car slued across the center line of the pavement and into the pathway of his car and caused the collision. The claims of both parties have supporting evidence.

Avis Larsen, a school teacher, arrived at the scene of the accident right after the happening thereof and testified that marks in the slush showed that the rear wheels of plaintiff's car slued across the center line of the pavement.

The trial judge gave little weight to her testimony, because she was acquainted with defendant and, she "saw what she saw under the direction of the defendant," and her testimony "that there was slush on the pavement, and car tracks in the slush" was "directly denied not only by the plaintiff, but by Mr. Walker."

Miss Larsen's testimony, of course, was not controlling but had bearing upon the issue of the preponderance of the evidence.

Plaintiff, to have recovery, was required to show, by a preponderance of the evidence, that the collision was occasioned by the negligence of defendant and, upon review, where trial was without a jury, and the point is presented, we must determine whether the judgment is supported by a preponderance of the evidence.

In the case at bar the alleged negligence of defendant was not established by a preponderance of the evidence, and the judgment should be reversed, without a new trial, and with costs of both courts to defendant.

CHANDLER and NORTH, JJ., concurred with WIEST, C. J.