COOK *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. NEGLIGENCE—PRESUMPTION OF DECEDENT'S FREEDOM FROM CONTRIBUTORY NEGLIGENCE—EYEWITNESSES.

     A person killed in an accident to which there are no eyewitnesses is presumed free from contributory negligence.

2. SAME—PRESUMPTION OF DUE CARE.

     The presumption that a decedent was in the exercise of due care does not obtain, where there are credible eyewitnesses to the occurrence.

3. SAME—REBUTTABLE PRESUMPTION—DUE CARE.

     The presumption that a decedent was in the exercise of due care is not a conclusive presumption, but is rebuttable by direct or circumstantial evidence.

4. SAME—CONTRIBUTORY NEGLIGENCE—REBUTTABLE PRESUMPTION.

     Circumstances alone may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law, where the presumption of due care is claimed for one killed in an accident to which there were no eyewitnesses.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 22 Am Jur 2d, Death §§ 215, 216, 266.
     Presumption of due care by person killed in accident as supporting or aiding inference of negligence by defendant, or inference that latter's negligence was proximate cause of accident. 144 ALR 1473.

5. RAILROADS—GRADE CROSSING—AUTOMOBILES—CONTRIBUTORY NEG-
LIGENCE—QUESTION FOR JURY.

Contributory negligence of plaintiff's decedent, motorist who was killed when his car collided with defendant's nonscheduled train *held,* a question of fact properly submitted to jury, where there was evidence that decedent was familiar with the grade crossing, could see the train for 250' when 50' from the crossing, and for 1,000' when 40' from the crossing, the engine and car were the same distance from the crossing when decedent was 50' away from it, the train whistle had been heard by several disinterested witnesses as it was sounded twice within 500' from the crossing, the weather was dark and clear, and the engine headlight was burning brightly and bell was ringing and there was an eyewitness.

Appeal from Ionia; Brown (Charles L.), J., presiding. Submitted Division 3 January 5, 1966, at Grand Rapids. (Docket No. 442.) Decided April 26, 1966. Rehearing denied May 27, 1966. Leave to appeal denied by Supreme Court September 27, 1966. See 378 Mich 732.

Declaration by Connie Cook, administratrix of estate of Joseph A. Cook, deceased, against Grand Trunk Western Railroad Company for wrongful death occurring when decedent husband's automobile collided with train of defendant. Judgment for defendant. Plaintiff appeals. Affirmed.

*John P. Milanowski,* for plaintiff.

*Earl C. Opperthauser,* for defendant.

HOLBROOK, J. This is a negligence case brought for claimed wrongful death of plaintiff's decedent, when defendant's nonscheduled train collided with the automobile driven by plaintiff's decedent at a crossing in the city of Ionia, Michigan. The case was tried before a jury with a verdict of no cause for action. Plaintiff made a motion for new trial and upon its denial has appealed.

Plaintiff asserts one error, that of the trial judge failing to give the following request to charge:

"I charge you ladies and gentlemen of the jury that from the facts now presented to you it is the law of this State that Joseph Cook is presumed to have been driving his 1954 Pontiac on South Jefferson avenue in a careful and prudent manner. In this regard you will not consider in your decision whether Joseph Cook was in any way negligent. In other words your only consideration then when you return to the jury room will be first was the defendant railroad company in any way negligent and did that negligence contribute to the death of Joseph Cook."

By stipulation, the parties have agreed to a limited record on appeal,[1] and agreed facts. In accord with such agreement, the pertinent facts appear to be as follows:

On November 14, 1959, at approximately 9:10 p.m., the plaintiff's decedent was driving a 1954 Pontiac on South Jefferson avenue, in the city of Ionia, where it intersects the defendant's main line railroad tracks, when he was hit by the defendant's eastbound passenger train consisting of two diesel locomotives and 17 passenger cars. He died from the injuries. The train was traveling approximately 35 miles per hour. The engineer was in his seat on the right-hand side of the lead diesel locomotive. The fireman and a road foreman of engines were seated in seats on the left side of the same locomotive. The car approached from the left side. The train's locomotive bell was ringing, its headlight was burning brightly, the whistle was timely sounded for the crossing and was heard by several disinterested witnesses, some of whom were in their homes

---

[1] An agreed statement of facts and the uncontradicted and unimpeached testimony of Tracy McClure, witness for the defendant, constituted the evidence presented at the trial.

a number of blocks from the crossing, waiting for the train to pass. The weather was dark and clear. There was a board fence approximately 8 feet tall which paralleled Jefferson street in the northwest quadrant of the intersection, and which prevented the decedent motorist from seeing the train, or the train crew from seeing the motorist until the automobile was approximately 50 feet from the tracks. The decedent lived in the city of Ionia and was familiar with the crossing. When the automobile was approximately 50 feet from the crossing the motorist would be able to see a train approaching from the west when it was approximately 250 feet from the roadway. At 40 feet from the track, the motorist could see such a train in excess of 1,000 feet away.

The court instructed the jury to the effect that where there are no eyewitnesses to an accident, a presumption of due care would arise and that in such a case the plaintiff is only required to show the negligence of the defendant, and that such negligence was the proximate cause of the injury. The court also instructed the jury that such presumption can be overcome if there is direct positive evidence showing contributory negligence of plaintiff's decedent. The judge then mentioned the testimony of the witness in the locomotive who saw the car travel the last 50 feet before the impact and the testimony concerning the sounding of warnings by the train's engineer on approaching the crossing, indicating that the jury could consider the same with all the evidence to determine if plaintiff's decedent was guilty of contributory negligence.

The rule of law that, a person killed in an accident where there are no eyewitnesses is presumed free from contributory negligence is defined in the case of *Pentz* v. *Wetsman* (1934), 269 Mich 496, wherein Mr. Justice EDWARD M. SHARPE, on pp 498, 499, stated as follows:

"Plaintiff contends that there being no eyewitnesses to the accident which resulted in the death of plaintiff's decedent, therefore, plaintiff is entitled to the presumption that the deceased was in the exercise of due care at the time of the accident. We think the correct ruling as related to the presumption was established in *Fenn* v. *Mills,* 243 Mich 634, wherein the Court said:

" 'The presumption that a decedent was in the exercise of due care does not obtain where there are credible eyewitnesses to the occurrence. Nor is it a conclusive presumption. It may be rebutted by direct or circumstantial evidence and circumstances themselves may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law. *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410.' "

In *Peplinski* v. *Kleinke* (1941), 299 Mich 86, in a headnote, the rule is further clarified:

"A presumption that decedent who was killed while using kerosene alleged to have been contaminated with gasoline was exercising due care for her own safety obtains in the absence of eyewitnesses to an accident although such presumption is rebuttable by circumstantial evidence that clearly establishes a lack of proper care."

Another case that is authority for the rule that such a presumption of freedom from contributory negligence may be rebutted by physical facts or circumstantial evidence is *Rohrkemper* v. *Bodemiller* (1939), 287 Mich 311, wherein Mr. Justice EDWARD M. SHARPE stated on p 315 as follows:

"Deceased was not negligent in walking on any portion of the highway up until she had notice that defendant's car was going to use that portion of the highway occupied by her and her girl friend.

" 'Her duty to avoid the danger of injury did not arise until it became apparent, or the circumstances were such that an ordinarily prudent person would have apprehended its existence. *Corey* v. *Hartel*, 216 Mich 675; *Lawrence* v. *Bartling & Dull Co.*, 255 Mich 580.'

"As we review the record, we are constrained to hold that whether the lights and noise of defendant's car gave plaintiff's decedent warning that she was in a place of danger and whether this notice gave deceased sufficient time to get to a place of safety are questions upon which reasonable minds might differ. The determination of these facts was for the trial court who saw the witnesses and heard their testimony."

Also, see, *Detroit Automobile Inter-Insurance Exchange* v. *Powe* (1957), 348 Mich 548.

In considering whether the presumption of freedom from contributory negligence attaching to plaintiff's decedent in this case was rebutted by evidence which at least made it a question of fact for the jury to determine, we turn to the evidence and find that: (1) The decedent lived in the city of Ionia where the accident occurred and was familiar with the crossing; (2) When 50 feet from the crossing he would have been able to see a train within 250 feet; at 40 feet from the track, he could see a train in excess of 1,000 feet away. At the time the car was 50 feet from the crossing, the lead engine was about the same distance away; (3) The whistle was sounded previous to the crossing at Jackson street, approximately 500 feet away from the crossing at Jefferson street and was sounded again before reaching Jefferson street. The whistle was heard by several disinterested witnesses, some of whom were in their homes a number of blocks from the crossing; (4) The weather was dark and clear and the locomotive's headlight was burning brightly and

could be seen for 700–800 feet and its bell was ringing; (5) The car was seen traveling the last 50 feet to the crossing by a witness riding on the left side of the diesel cab. Upon inspection, there was no indication of skid marks made by the automobile.

These facts were undisputed and sufficient to raise an issue of fact as to the contributory negligence of the plaintiff's decedent and were properly submitted to the jury for determination.

Judgment affirmed, costs to appellees.

WATTS, P. J., and FITZGERALD, J., concurred.