## CITY OF LAFAYETTE v. FITCH.

[No. 4,539.    Filed January 6, 1904.]

NEGLIGENCE. — *Contributory Negligence.* — *Pleading.* — Where a complaint shows that the plaintiff was guilty of contributory negligence, notwithstanding the fact that it also shows the defendant was guilty of the negligence which caused the injury, it is insufficient as against demurrer. *p. 135.*

SAME. — *Contributory Negligence.* — *Pleading.* — The presumption indulged in favor of the plaintiff that he was free from negligence contributing to his injuries sued for will be overcome by specific averments of facts which show that he knew, or had opportunity to know, of the danger, and, knowing of the danger, did not use care commensurate therewith. *p. 135.*

SAME. — *Contributory Negligence.* — *Question of Fact.* — Where, in an action for damages for personal injuries sustained by plaintiff as a result of falling into a ditch, the evidence was conflicting as to whether plaintiff knew of the existence of the ditch, at the point where he received his injuries, the question was for the determination of the jury. *p. 136.*

From the Superior Court of Tippecanoe County; *H. H. Vinton*, Judge.

Action by Dudley Fitch against the city of Lafayette. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. P. Haywood* and *C. A. Burnett*, for appellant.

*C. M. Bright, Thomas Everett* and *F. B. Everett*, for appellee.

HENLEY, C. J.—This was an action for damages alleged to have been sustained by appellee as a result of falling into a ditch at the time being constructed by appellant in one of its streets for sewerage purposes, and which it is alleged was negligently permitted to remain open without guards or warnings of any kind. The complaint upon which the cause was tried was in one paragraph, and the issue was made by a general denial filed thereto by appellee. There was a trial by jury, which resulted in a verdict and judgment in appellee's favor in the sum of $300.

The alleged errors relied upon for a reversal of this judgment are: (1) The overruling of appellant's demurrer to appellee's complaint; (2) the overruling of appellant's motion for a new trial.

It is contended by counsel for appellant that while the complaint sufficiently avers facts stating negligence upon the part of appellant, it also, by its specific allegations, shows that appellee was guilty of contributing to his injury. It is the law that where a complaint shows that the plaintiff was guilty of contributory negligence, notwithstanding the fact that it also shows the defendant was guilty of the negligence which caused the injury, such a complaint is insufficient, and advantage may be taken of such defect by demurrer. *City of Indianapolis* v. *Mitchell*, 27 Ind. App. 589, and cases cited. It is also the law that the presumption indulged in favor of the plaintiff that he was free from negligence contributing to the injuries sued for will be overcome by specific averments of facts which show that he knew, or had opportunity to know, of the danger, and, knowing of the danger, he did not use care commensurate therewith. *Salem Stone & Lime Co.* v. *Griffin*, 139 Ind. 141. But a careful examination of the complaint in this case shows that the allegations of negli-

gence upon the part of appellant are clearly and sufficiently set forth, and the facts averred are not sufficient, either directly or by inference, to charge the appellee with any negligence contributing to his injury.

It is further claimed that the uncontradicted evidence shows that the appellee was guilty of contributing to his injury, and that the evidence of the appellee shows that he knew of the fact that this ditch was being constructed at the point where his injury occurred; that he had passed it often during the time it was so being constructed; and that the exercise of ordinary care on his part would have prevented the injury. We have carefully examined the voluminous evidence presented by this record, and must conclude that the evidence upon the question of appellee's negligence is conflicting. There is evidence to the effect that the point where appellee stepped from his car into the ditch was at a place where the ditch had been constructed since the last time he had passed over that part of the street, and that he could not have known of the existence of the ditch at that point. The fact, then, that appellee knew of the existence of the ditch at the point where he received his injury was disputed, and where the facts constituting the negligence are disputed the question is not for the court, but for the jury. It is the law that where the facts are found by the jury, then their legal consequence constitutes purely a question of law for the court. *Young* v. *Citizens St. R. Co.*, 148 Ind. 54; *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Louisville, etc., R. Co.* v. *Williams*, 20 Ind. App. 576. But the facts in this case which would go to prove negligence upon the part of appellee are not undisputed. The question of appellee's negligence contributing to his injury was therefore a question of fact for the jury. We can not disturb the verdict.

Judgment affirmed.