ZOLTOWSKI v. TERNES COAL & LUMBER CO.

1. MASTER AND SERVANT—INDEPENDENT CONTRACTOR.
    Where an employee engaged as a teamster quit work at 1 o'clock on Saturday afternoon, and thereafter engaged to unload a car of lumber for his employer for the specified price of $12, he was an independent contractor while unloading said car, and the right to have it done in accordance with contract and to inspect for that purpose did not change the relationship, since the employer had no right to control the method or means by which the result to be paid for was to be accomplished.

As to who are employees of independent contractor, subcontractors, etc., within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

2. SAME—WORKMEN'S COMPENSATION ACT—COURSE OF EMPLOY-
MENT.

> An employee engaged as a teamster, who, after quitting his
> regular work for the day, was injured while assisting an
> independent contractor in unloading a car of lumber for
> his employer, is not entitled to compensation therefor un-
> der the workmen's compensation act, since the injury was
> not received in the course of his employment with his
> employer, but while working for an independent con-
> tractor.

Certiorari to Industrial Accident Board. Submitted
April 7, 1921. (Docket No. 38.) Decided June 6,
1921.

John Zoltowski presented his claim for compensa-
tion against the Ternes Coal & Lumber Company for an
accidental injury in defendant's employ. From an
order awarding compensation, defendant and the com-
missioner of insurance (State accident fund), insurer,
bring certiorari. Reversed, and order vacated.

*Kerr & Lacey,* for appellants.

WIEST, J. While engaged in unloading a car of
lumber and piling the same in the yard of the Ternes
Coal & Lumber Company Saturday evening, June 28,
1919, John Zoltowski fell and broke his arm. He was
employed by the company as a teamster but did not
work Saturday afternoons. The day he was hurt he
quit his work as a teamster at 1 o'clock in the after-
noon. Another teamster by the name of Petsky, also
with Saturday afternoon free, had taken the job of un-
loading a car of lumber for the company, for which he
was to receive $12, and he agreed to give plaintiff $4
if he would help him, and it was while helping Petsky
plaintiff was injured. The industrial accident board
held that plaintiff was injured while in the employ of

defendant company and awarded him $120 compensation and $50 for medical attention. The company brings the case here and seeks a reversal of the award on the ground that plaintiff at the time of the injury was not in the employ of the company but was engaged with Petsky in performing special work in which Petsky was an independent contractor.

It clearly appears that plaintiff quit his employment as a teamster for the company at 1 o'clock in the afternoon of the day he was injured and was from that hour master of his own time for the day, and in accordance with his previous arrangement with Petsky undertook to help Petsky perform the job he had taken and earn the agreed share of the price.

The holdings of this court upon the question of what constitutes an independent contractor are epitomized in 26 Cyc. p. 1546:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to control by his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results."

The defendant company had no right to control the method or means by which the result to be paid for was to be accomplished by Petsky. A result was to be paid for and Petsky was free to accomplish the work alone or divide the labor and pay with others subject to no control by the company. The right to have the

result in accordance with the contract and to inspect for the purpose of seeing that specific work was done in compliance with the contract did not prevent Petsky from being an independent contractor. 26 Cyc. p. 1549. *Lenderink* v. *Village of Rockford,* 135 Mich. 531.

The fact that Petsky was an employee of the company in respect to his regular work did not prevent his being an independent contractor, and plaintiff, having quit the employment of the company at 1 o'clock and being master of his own time, had a right to devote the same to any purpose he saw fit. Having quit the employment of defendant company for the day, and being master of his own time when he undertook to help Petsky unload the car of lumber under an agreement that Petsky should pay him a third of what he received for the job, the plaintiff was engaged by Petsky and not by the defendant company and was not in the employ of the defendant company. The case is ruled by *Gall* v. *Detroit Journal Co.,* 191 Mich. 405; *Perham* v. *American Roofing Co.,* 193 Mich. 221. See, also, *Holbrook* v. *Olympia Hotel Co.,* 200 Mich. 597; *Woodhall* v. *Irwin,* 201 Mich. 400.

Upon the undisputed facts the board should have determined that the injury to plaintiff did not arise out of and in the course of his employment with the defendant company, but while working for Petsky, an independent contractor.

The award is vacated, with costs to defendant company.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.