PENTZ *v.* WETSMAN.

1. DEATH—PRESUMPTION OF DUE CARE—EYEWITNESSES.
   The presumption that decedent was in the exercise of due care does not obtain where there are credible eyewitnesses to the accident resulting in his death.

2. SAME—REBUTTABLE PRESUMPTION—CONTRIBUTORY NEGLIGENCE.
   The presumption that decedent was in the exercise of due care is not conclusive but may be rebutted by direct or circumstantial evidence and circumstances themselves may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law.

3. SAME—OVERCOMING PRESUMPTION—CONTRIBUTORY NEGLIGENCE.
   The presumption that decedent was in the exercise of due care may be overcome by showing that he knew, or had the opportunity to know, the danger, and, knowing of it, did not use care commensurate therewith.

4. MASTER AND SERVANT—BUILDING UNDER CONSTRUCTION.
   The doctrine of safe place and nondelegable duty does not apply to a place while in the process of construction and being made safe.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   One going about in public or semi-public places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety, and if he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune.

6. SAME—UNROLLING THEATRE CURTAIN—TRAP OPENING.
   Plaintiff's decedent, an independent contractor under agreement to install advertising curtain in theatre and, although familiar with stages, fell through trap opening as he walked backwards unrolling the curtain on a sufficiently lighted stage *held*, guilty of contributory negligence, since he was not observing what he should have seen nor exercising the care a prudent person would have exercised under like circumstances.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 4, 1934. (Docket No. 90, Calendar No. 37,889.) Decided December 10, 1934.

Case by Ernest W. Pentz, administrator of the estate of Julius W. Pentz, deceased, against Barney B. Wetsman, Henry S. Koppin Company, Woodward Theatre Company and Dearborn-Detroit Development Company, Michigan corporations, for personal injuries, resulting in death of plaintiff's decedent, caused by fall through trap opening. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*John Hal Engel,* for plaintiff.

*Schueler & Freud,* for defendant Wetsman.

*Vandeveer & Vandeveer,* for defendants Henry S. Koppin Co. and Woodward Theatre Company.

*Bishop & Weaver,* for defendant Dearborn-Detroit Development Company.

EDWARD M. SHARPE, J. Plaintiff's decedent, a man 57 years of age, had for a number of years engaged in the advertising business. In August, 1926, he entered into an agreement with the Woodward Theatre Company to install in the Calvin theatre at Dearborn an advertising curtain.

On January 11, 1927, while the theatre was being completed and prepared for its opening, the owner and contractor had several men at work completing the building, such as installing seats, pipe organ and a door for a trap opening in the stage of the theatre. The opening was four feet by five and a half feet and was to be used in lowering or raising luggage

or other equipment from the stage of the theatre to the basement of the building; and for some time prior to the day of the accident, it had been barricaded. Plaintiff's decedent arrived at the theatre on the morning of January 11, 1927, and brought the curtain in upon the stage and started to unfold or unroll it. The curtain was 28 by 35 feet and, following the custom in such cases, plaintiff's decedent walked backward in the process of unrolling the curtain. The stage of the theatre was lighted about the consistency of the working lights on the stage when the performance is not on and light enough so men could work around there. The opening in the floor was apparent and obvious to others there employed. It is conceded that plaintiff's decedent, while unrolling the curtain in the manner hereinbefore described, fell through the opening and landed on the cement floor in the basement and, as a result of this fall, death followed in about two hours.

Plaintiff brought suit and the trial judge directed a verdict of no cause of action on the theory that plaintiff's decedent was guilty of contributory negligence in walking backwards in the manner hereinbefore described without first assuring himself that it was safe to do so.

Plaintiff contends that there being no eyewitnesses to the accident which resulted in the death of plaintiff's decedent, therefore, plaintiff is entitled to the presumption that the deceased was in the exercise of due care at the time of the accident. We think the correct ruling as related to the presumption was established in *Fenn* v. *Mills*, 243 Mich. 634, wherein the court said:

"The presumption that a decedent was in the exercise of due care does not obtain where there are

credible eyewitnesses to the occurrence. Nor is it a conclusive presumption. It may be rebutted by direct or circumstantial evidence and circumstances themselves may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law. *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410.''

"The presumption indulged in favor of the plaintiff that he was free from negligence contributing to the injuries sued for will be overcome by specific averments of facts which show that he knew, or had the opportunity to know, of the danger, and, knowing of the danger, did not use care commensurate therewith.'' *City of Lafayette* v. *Fitch,* 32 Ind. App. 134 (69 N. E. 414).

Plaintiff relies upon the cases of *McCrum* v. *Weil & Co.,* 125 Mich. 297 (9 Am. Neg. Rep. 59), and *Brown* v. *Stevens,* 136 Mich. 311 (16 Am. Neg. Rep. 101). In the latter case, plaintiff fell into an elevator opening in the floor of defendant's store and was injured. The negligence alleged was leaving this opening unguarded and giving no proper notice to the plaintiff of the danger. The court said:

"The plaintiff was not guilty of contributory negligence unless he was warned of the danger. Unless he received such warning, he was justified in believing that the floor was in safe condition for him to walk over, and he could not be held guilty of contributory negligence, even though he might have seen the opening had he looked.''

But, in the instant case, plaintiff's decedent was an independent contractor, his purpose there was the hanging of a theatre curtain. He was not engaged in work in a finished and completed building. He must have known that the building and equipment were in the course of construction. The rule

is well stated in *Koskell* v. *Newport Mining Co.,* 182 Mich. 586,

"The unsafe place in which plaintiff was injured was an incident of the work, and was created by the plaintiff's coservants. It is well established that the doctrine of safe place and nondelegable duty does not apply to a place while in the process of construction and being made safe."

The primary question in this case after considering all the facts and circumstances is, Was plaintiff's decedent guilty of contributory negligence as a matter of law? The rule in such cases is well stated in *Blankertz* v. *Mack & Co.,* 263 Mich. 527, 533:

"This court is definitely committed to the holding that one going about in public places or semi-public places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety. If he fails to use the care that an ordinary careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune."

The record discloses that plaintiff's decedent was familiar with theatre stages, that on the morning of the accident he came upon the stage at about 9:30, remaining there for a short time, left and then returned and began unrolling the curtain, that the stage was lighted sufficiently so that all other employees had no difficulty in seeing the opening or trap. We think that under these circumstances, if plaintiff's decedent was walking towards the trap, it was his duty to keep his eyes open and in a reasonably prudent way look before him and see what others saw and what he could have seen. Had he done so, he must surely have escaped this opening,

and if he had been walking backwards without finding out that it was safe to do so, he was not exercising the care and caution that a prudent person would have exercised under like circumstances. Under either of these conclusions, he was guilty of contributory negligence which contributed to the injury sustained, and consequently there can be no recovery.

Judgment affirmed, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.