BATHRICK *v.* VILLAGE OF BURR OAK.

1. Workmen's Compensation—Casual Employment.

    Casual employment is no longer excepted from the provisions of the compensation act, and now one so employed is entitled to compensation from an employer operating under the act (2 Comp. Laws 1929, § 8407 *et seq.*).

2. Same—Cutting Electric Wires—Casual Employment.

    Employment of plaintiff for specific purpose of cutting electric wires and shortening outside pipe conduit at community hall, at which it was contemplated he would take about three hours, and while no wage was agreed upon there was an implied promise to pay for the time taken *held*, not an employment as independent contractor but a casual employment entitling plaintiff to compensation for accidental fracture of a left ankle bone while engaged in the task.

3. Same—Remand to Department—Amount of Award.

    Upon remand of case for entry of award in favor of plaintiff by department of labor and industry, it is to determine whether award made by deputy was in proper amount and if so, to affirm same; if not, then to fix amount.

Appeal from department of Labor and Industry. Submitted October 7, 1936. (Docket No. 30, Calendar No. 39,060.) Decided December 9, 1936.

Byron C. Bathrick presented his claim against the Village of Burr Oak, a municipal corporation, and Consumers Power Company for compensation for personal injuries received in defendant's employ. Award denied. Plaintiff appeals. Reversed and remanded for award against Village of Burr Oak.

*James T. Sloan,* for plaintiff.

*B. H. Miller,* for defendant Village of Burr Oak.

*Arthur J. Paul,* for defendant Consumers Power Company.

WIEST, J.   The village of Burr Oak, carrier of its own workmen's risk, through one of its trustees, employed plaintiff to cut some electric wires and to take down and shorten the outside pipe conduit at its community building in order to enable other workmen to install a door.   Permission to cut the wires, if plaintiff was employed for the purpose, was granted by the Consumers Power company. While cutting the wires plaintiff fell from a step-ladder and broke a bone in his left ankle.   The work he was employed to perform would not have taken more than three hours.   No wage was agreed upon but plaintiff expected 50 cents per hour as on former occasions when employed by the village.   The plaintiff was not in the employ of the Consumers Power company and no such claim is now made.   The deputy commissioner awarded compensation to be paid by the village but, upon review, the department held that plaintiff was an independent contractor and denied an award of compensation.

The evidence shows a casual employment rather than that of an independent contractor.   Casual employment is no longer excepted from the provisions of the compensation act, and now one so employed is entitled to compensation from an employer operating under the act (2 Comp. Laws 1929, § 8407 *et seq.*).

The department held that, inasmuch as plaintiff was employed by the village for the particular duty of cutting the wires, which was not expected to take more than three hours, and he was to perform the job and submit his bill, although the trustee was with him at the time of the accident, it was not to direct but to aid him without right of control, therefore,

plaintiff was an independent contractor, under the holdings in *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231; *Conrad* v. *Cummer-Diggins Co.*, 224 Mich. 414, and *Pentz* v. *Wetsman*, 269 Mich. 496.

In the *Zoltowski Case* there was a contract price fixed for a specified job, and this was true also in the *Pentz Case*. In the *Conrad Case* the workman was held to be an employee and not an independent contractor.

In the case at bar there was an employment to do some work and an implied promise to pay for the time it took. The employment specifically called for the personal services of plaintiff. It was a short job and carried no elements of a contract to accomplish a result at a specified price. It was just a usual hiring to be paid for by the hour.

The deputy commissioner was right in so holding, and reversal of his holding by the department is reversed and the case remanded to the department to determine whether the award by the deputy was proper in amount and, if so, to affirm the same or, if not, then to fix the amount.

Plaintiff will recover costs against the village.

North, C. J., and Fead, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.