AUKSTALES *v.* KLOTZ.

1. WORKMEN'S COMPENSATION—FINDING OF EXISTENCE OF RELATION OF EMPLOYER AND EMPLOYEE.

Departmental finding that within meaning of statute plaintiff was an employee of defendant employer who had contracted to plow snow from logging road for other defendant employer *held*, supported by evidence, meager, but sufficient to require affirmance of such finding (2 Comp. Laws 1929, § 8416).

2. SAME—CASUAL EMPLOYMENT.

One casually employed, such as plaintiff who was hired for an afternoon to assist in operation of snow plow on logging road, is entitled to compensation from an employer operating under

the workmen's compensation act as amended (2 Comp. Laws 1929, § 8407 *et seq.*).

3. SAME—CASUAL EMPLOYMENT—TOTAL DISABILITY—MINIMUM COMPENSATION.

Finding that plaintiff who was injured while engaged in casual employment on afternoon for $1 was entitled to minimum of $7 per week during total disability *held,* within purport of indefinitely worded compensation act (2 Comp. Laws 1929, § 8425).

4. SAME—COMPENSATION PAYABLE—WAGE-EARNING CAPACITY.

Compensation payable when added to the employee's wage-earning capacity after the injury in the same or other employment shall not exceed his average weekly earnings at the time of such injury (2 Comp. Laws 1929, § 8427).

5. SAME—COMPENSATION PAYABLE—PARTIAL DISABILITY.

Award of compensation for medical, hospitalization and special nursing services and minimum compensation during both total and subsequent partial disability is remanded to eliminate award of compensation for partial disability for any period after employee actually earned amount in excess of such sum in regular employment (2 Comp. Laws 1929, § 8427).

Appeal from Department of Labor and Industry. Submitted April 29, 1937. (Docket No. 161, Calendar No. 39,171.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Frank Aukstales presented his claim for compensation against Attilo Vittori and Frank Klotz, employers, and State Accident Fund, insurer, for injuries suffered while in defendants' employ. Award to plaintiff. Defendants appeal. Modified and remanded.

*Lawrence P. Walsh,* for plaintiff.

*H. C. Schulte,* for defendants.

BUTZEL, J. Plaintiff was awarded compensation at the minimum rate of $7 per week for injuries he

claims to have sustained while in the employ of defendant Vittori. The latter, at the time of the accident, was an independent contractor employed by defendant Klotz to plow a logging road through the snow. Klotz was subject to the workmen's compensation act with the State accident fund as his insurance carrier. Vittori was not subject to the act, he having been employed by Klotz to do the job at a flat rate of $6. We limit our discussion to the questions involved as stated in appellants' brief.

Appellants contend that the relation of employer and employee did not exist between plaintiff and any of the defendants at the date of the accident. Vittori was looking after his father's gas station and on December 10, 1932, the date of the accident, and for some time previous thereto, a group of young men out of work made the gas station a gathering place for social purposes, and they were glad to do small odd jobs for Vittori in return for his hospitality, he usually treating them to a meal, or giving them some other slight token of appreciation. He had extended credit to plaintiff. On the day of the injury, there had been a very heavy snowfall and Vittori was employed to clear the road with a snowplow attached to his truck. A number of men, including plaintiff, accompanied him. Plaintiff claims that, in accordance with Vittori's instruction, he rode on the left side of the truck with his feet on the bumper in order to watch the pin that connected the plow to the truck. He was jarred off, knocked to the side of the snowbank and the truck ran completely over his hips and he thus suffered serious and permanent injuries. In addition to compensation at $7 per week, he was awarded $268 for medical expenses, $238.47 for hospitalization and $229 for special nursing services. Vittori asserts that he agreed to pay

plaintiff the sum of $1 solely for the use of a heavy chain that belonged to plaintiff's father and no sum whatsoever for his services, which plaintiff was to perform gratuitously. Plaintiff, on the other hand, claims that Vittori agreed to pay him $1 for working on the snowplow the afternoon of the accident. Notwithstanding Vittori's statement that on previous days plaintiff worked for him, and in turn he treated plaintiff to a meal, or some other inexpensive reward, plaintiff asserts that on several days shortly before the accident, he had worked for Vittori, but was unable to remember what pay he received. As there is some testimony, though very meager, that plaintiff was employed the afternoon of the accident for the sum of $1, we are bound to affirm the finding that plaintiff was a statutory employee under 2 Comp. Laws 1929, § 8416.

There can be no question but that plaintiff was a casual employee. One so employed is entitled to compensation from an employer operating under the act, as amended. *Bathrick* v. *Village of Burr Oak,* 278 Mich. 262. Appellants, however, claim that there is no basis for finding compensation because there is no method of ascertaining the amount of the daily wage. They call our attention to *Hartman* v. *Village of St. Clair Shores,* 246 Mich. 603, involving the case of a volunteer fireman whose compensation depended upon the time he arrived at the fire and who only received pay if he was one of the first six volunteer firemen to respond. Since the opinion was handed down, the statute has been amended so as to fix the wages of volunteer firemen for the purposes of the act at a fixed sum. 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931.

The statute is very indefinite as to compensation for casual employees. The department found that

plaintiff received $1 for the day's work and therefore was entitled to the minimum of $7 per week. Such holding was within the purport of the act which provides for minimum compensation at the rate of $7 per week (2 Comp. Laws 1929, § 8425).

Plaintiff was incapacitated for a long period and is still partially disabled. Plaintiff testified that he was wholly unable to work for 18 months after December 10, 1932, the date of the injury, but that since then he has been driving a truck for 16 days a month for six months and that he has been paid the sum of $1.66 per day, plus his board; that he has been so employed by an entirely different employer, the Fox Valley Construction Company. While the testimony shows that plaintiff cannot do as heavy work in general as he was able to perform prior to the accident, he can do lighter and more profitable work than that in which he was employed at the time of the accident. In his new employment he was not performing work that had been specially "made" for him by his employer or that was temporary or nondescript as in *MacDonald* v. *Great Lakes Steel Corp.,* 268 Mich. 591, and 274 Mich. 701, and *Hood* v. *Wyandotte Oil & Fat Co.,* 272 Mich. 190, which cases the department cites in its opinion. By his own testimony, plaintiff's disability has been diminished so that his present earning capacity is in excess of $7 per week. The compensation payable when added to the employee's wage-earning capacity after the injury in the same or other employment shall not exceed his average weekly earnings at the time of such injury. 2 Comp. Laws 1929, § 8427. Under the circumstances, the department should not have granted compensation at $7 per week for any period after plaintiff showed that he actually earned an amount in excess of this sum.

The case is remanded to the department of labor and industry for entry of an award in accordance with this opinion. Defendants will recover costs.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.