STRATTON *v.* MAINE.

1. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—CONTROL—RESULTS.

> An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.

2. SAME—HOUSE CONSTRUCTION—INDEPENDENT CONTRACTOR.

> Defendant in action for breach of oral contract to construct house *held,* not an independent contractor, where evidence shows that plaintiff, his son and brother were present during substantially the entire period of construction, that plaintiff was, to a large degree, supervising and directing the workmen on the job and made changes in the original plans without consulting defendant or contrary to his recommendations, there being an absence of the right of control in defendant as to method and means by which the result was to be accomplished.

3. SAME—SUPERVISION OF HOUSE CONSTRUCTION—INDEPENDENT CONTRACTOR.

> Unchallenged supervision of construction of house by plaintiff over an extended period was clearly indicative of a belief on

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  27 Am Jur, Independent Contractors §§ 2, 6–9.

[1–3]  Tests in determining whether one is an independent contractor. 75 ALR 725.

Elements bearing directly upon the quality of a contract as affecting the character of one as independent contractor.  20 ALR 684.

General discussion of the nature of the relationship of employer and independent contractor.  19 ALR 226.

One doing cost plus contract as an independent contractor, or a servant or an agent.  55 ALR 291.

Insurance as bearing on question whether one is an employee or independent contractor.  85 ALR 784.

Issue as to independent contractor in action involving general contractor's liability for injury to employee of other contractor on the project.  20 ALR2d 915.

the part of all parties to oral contract that plaintiff was acting as a matter of right, hence, trial judge was justified in concluding that defendant was an employee and not an independent contractor responsible for supervision of the work, correction of defects in construction and delay in completion.

Appeal from Hillsdale; Arch (Charles O.), J. Submitted January 7, 1953. (Docket No. 31, Calendar No. 45,652.) Decided March 10, 1953.

Action by Clarence Stratton and wife against Wendell Maine for damages for breach of contract. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Kenneth W. Huggett,* for plaintiffs.

*Dimmers & MacRitchie,* for defendant.

ADAMS, J. Shortly after the end of World War II while building material was still scarce and government restrictions were still in existence, the plaintiffs and appellants, Mr. and Mrs. Clarence Stratton, decided to construct a dwelling house on land owned by them in Litchfield township, Hillsdale county, Michigan. They contacted the defendant, Wendell Maine, a building contractor, and together they went to Hudson, Michigan, and looked at a house that they liked and wanted to copy in construction. Mr. Maine took some measurements of the house and after his return home drew 2 rough sketches of first and second floor plans of a proposed building similar in design to the Hudson house. The parties decided to go ahead with the building under a rather indefinite agreement, the substance of it being that the defendant would supply labor required in the construction and all material would be supplied by the plaintiffs. The defendant was to receive $1.40 per hour for all time he spent on the job as a super-

visor and 20 cents per hour for each hour that his
men worked, this override of 20 cents on each hour
of labor was to include social security, insurance,
bookkeeping, and so forth. While the testimony
is conflicting, it appears that it was the orig-
nal understanding of the parties that the defendant
would supervise the construction. Plaintiffs said
that it was agreed the house would be completed by
March 1, 1947, a statement denied by defendant.

No part of the agreement was put in writing but
work was started on or about the 16th of September,
1946, after a priority permit had been obtained from
the Federal government. The application for this
permit set forth an estimate of total labor costs of
$3,500, but all parties understood that it was an
estimate and not an exact figure.

Almost immediately after the work was begun, it
became apparent that the plaintiff Clarence Strat-
ton was, to a large degree, supervising and directing
the workmen on the job. He was in or about the
building during substantially the entire period of
construction and his brother and his son were there
much of the time. During the course of construc-
tion a number of changes were made in the original
plans, including an excavation under the garage, a
change in the pitch of the roof, and a change in the
height of the ceilings. When the basement was put
in, only 3 sides were poured in the first instance at
the direction of Clarence Stratton and contrary to
the recommendations of the defendant. The defend-
ant was not called in for counsel when the changes
in construction were decided upon nor when new
phases of construction were commenced. The work
continued through the balance of the year 1946 and
into 1947.

Some time during the month of January, plaintiff
Clarence Stratton became dissatisfied with the qual-
ity of the workmanship performed by defendant's

employees. It was discovered that the basement of the cellar sloped away from the drain, that the risers on the stairway were not equal in dimension, that mortar used in the laying of cement blocks had crumbled, that rafters had been cut at improper angles and that the basement was out of square. Plaintiffs criticized the defendant for these errors in construction and defendant in defense said that most of the defects were the result of plaintiff's changes in plans and his supervision of the work. By the end of the month the parties had reached such disagreement that defendant refused to do any further work and called his men off the job. During the entire period of construction plaintiffs had paid defendant for the services of his employees $1,028.33, and no claim is made that any balance remains unpaid.

Plaintiffs then went ahead with the construction of the house and it was completed on or about September 1, 1947. Thereafter this action was instituted to recover damages for alleged breach of contract, plaintiffs claiming that because of defendant's failure to properly supervise the work and refusal to complete the job, they had been forced to pay additional sums to correct the defects in construction and had found it necessary to temporarily rent other living quarters because of the delay in completion. In addition, it was claimed that the building was damaged by action of the elements because of defendant's failure to properly protect it. Total claimed damages amounted to $1,500.

Upon trial without a jury, a judgment of no cause of action was entered and plaintiffs appeal, claiming error in the court's findings.

Plaintiffs contend that the defendant was an independent contractor bound by the terms of an oral agreement to construct a dwelling house in a workmanlike manner within a specified period of time and

that he is liable for damages resulting from the breach of that contract. Defendant, on the other hand, claims that he was not an independent contractor but simply supplying a part of the hourly labor required in the construction of the dwelling and that he and his men were there as employees of the plaintiff and entitled to terminate their employment at any time.

Both rely upon the definition of an independent contractor found in 26 Cyc, p 1546 and quoted with approval in *Utley* v. *Taylor & Gaskin, Inc.,* 305 Mich 561, 570; and *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214 Mich 231. That definition reads as follows:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results."

A review of the record discloses convincingly that the defendant does not qualify as an independent contractor under the quoted definition. Throughout the period of more than 4 months of construction, defendant and his employees were at all times subjected to the control of the plaintiffs not merely as to the result of their work but as to the method and means by which the result was to be accomplished. Plaintiff Clarence Stratton consistently claimed the

right to control the work while it was in progress and cannot now complain of the result.

In their brief, plaintiffs say that it is not actual interference with control but rather the right to interfere that tests the relationship. *Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich 385 (Ann Cas 1918C, 664). We are of the opinion, however, that plaintiffs' unchallenged supervision over an extended period is clearly indicative of a belief on the part of all parties that plaintiff was acting as a matter of right under the terms of the oral understanding. The conclusion of the trial judge that defendant was an employee and not an independent contractor was proper.

The judgment is affirmed, costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.