## KENDRICK v GRADDIS

1. MASTER AND SERVANT—EMPLOYEES—INDEPENDENT CONTRACTORS—
   QUESTION OF FACT.

   The question of whether one is an employee or an independent
   contractor is generally a question of fact or of fact and law.

2. MASTER AND SERVANT—INDEPENDENT CONTRACTORS—CONTROL
   OVER WORK.

   An independent contractor is one who, carrying on an indepen-
   dent business, contracts to do a piece of work according to his
   own methods, and without being subject to the control of his
   employer as to the means by which the result is to be accom-
   plished, but only as to the result of the work.

3. MASTER AND SERVANT—EMPLOYEES—INDEPENDENT CONTRACTORS.

   A trial court properly found as a matter of law that a plaintiff in
   an action for negligence was not an employee of the defendant
   where the pleadings and plaintiff's deposition testimony show
   that the plaintiff had contracted to perform work on the
   defendant's house, plaintiff supplied his own tools with the
   exception of a ladder borrowed from a neighbor, the contract
   had a fixed price, and the plaintiff was clearly in control of his
   work.

4. NEGLIGENCE—INDEPENDENT CONTRACTORS—DEFECTIVE TOOLS—
   KNOWLEDGE OF DEFECT—SUMMARY JUDGMENT.

   An independent contractor, injured when a defective ladder
   which was borrowed from the defendant contractee's neighbor
   broke, must prove that the defendant knew of the defect in
   order to recover damages based on the defendant's negligence;
   absent any factual data in the plaintiff's deposition testimony
   which would allow the inference of such knowledge, a grant of
   summary judgment in favor of the defendant was proper.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 41 Am Jur 2d, Independent Contractors § 53.
[2] 41 Am Jur 2d, Independent Contractors § 1.
[3] 41 Am Jur 2d, Independent Contractors §§ 6, 13, 14.
[4, 5] 41 Am Jur 2d, Independent Contractors § 30.
   73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*

5. MASTER AND SERVANT—NEGLIGENCE—EMPLOYEES—SIMPLE-TOOL
      DOCTRINE.

  The simple-tool doctrine which provides that there is no duty to
     warn about a condition which could have been seen by ordinary
     observation is largely limited to the employer-employee rela-
     tionship, and was properly ruled to be inapplicable where a
     plaintiff was found to be an independent contractor as a matter
     of law.

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted January 13, 1977, at Lansing. (Docket No.
27214.) Decided May 3, 1977.

Complaint by Gerald Kendrick against Marjorie
Graddis for damages for injuries caused when a
ladder failed. Summary judgment for defendant.
Plaintiff appeals. Affirmed.

*Greenberg & Walker, P. C.* (by *John W. Orile),*
for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber*
(by *R. Scott Mills),* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and BRONSON
and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Plaintiff Gerald Kendrick
brought this negligence action against defendant
Marjorie Graddis alleging that he had contracted
to perform exterior work on defendant's house and
that defendant had agreed to provide plaintiff with
a ladder, which had been modified by the addition
of wooden extensions bolted to the aluminum
frame, and which broke when plaintiff used it,
causing plaintiff to fall and sustain serious injury
as a result. Defendant answered, denying all of the
allegations of negligence in plaintiff's complaint
and raising certain affirmative defenses. Plaintiff
was deposed and, on the strength of his deposition

testimony, defendant prepared an affidavit in support of her motion for summary judgment reciting the events as plaintiff testified they had occurred, and requesting summary judgment pursuant to GCR 1963, 117.2(3), on the ground that there existed no genuine issue as to any material fact. The trial judge granted defendant's motion, ruling that,

"In reviewing the deposition from Mr. Kendrick, the court finds it clear that the defendant exercised no control over him. Thus, the master-servant relationship never arose and Mr. Kendrick was a mere independent contractor. The simple tool doctrine has no application in this case, and the court can find no real issue of fact."

On appeal, plaintiff first contends that the trial court erred in holding that, as a matter of law, plaintiff was not an employee, based only on plaintiff's deposition. Plaintiff argues that the question of whether one is an employee is always one of fact, or of fact and law, and that therefore the trial judge impermissibly resolved a question of fact unfavorably to plaintiff. Plaintiff bases this contention on his deposition testimony that defendant provided him with paint and a ladder, both of which factors tend to suggest that plaintiff was an employee rather than an independent contractor.

With the proposition that the question of whether one is an employee is generally one of fact, or of fact and law, we must agree. *Rule v Giuglio,* 304 Mich 73, 79; 7 NW2d 227 (1942), *Stevenson v Antrim Iron Co,* 287 Mich 418, 422–424; 283 NW 632 (1939), *Tuttle v Embury-Martin Lumber Co,* 192 Mich 385, 400; 158 NW 875 (1916). However, construing the pleadings and deposition

most favorably to plaintiff, we still believe the evidence in this particular case speaks so strongly to finding plaintiff an independent contractor[1] that no genuine issue of fact on this question remained.

For instance, plaintiff provided his own basic tools, including ladders. When forced to find a longer ladder than he had brought to the job that day, plaintiff was the party who approached defendant's neighbor for the ladder. Defendant's role was merely to ask the neighbor if plaintiff could borrow the ladder. Nothing in the record indicates defendant ever saw the ladder. Plaintiff himself was the one who actually went to the neighbor's house and secured the ladder. We do not find this situation equivalent to defendant's actually supplying plaintiff with a ladder.

Defendant did provide plaintiff with paint because the paint was already on hand. However, we find as well that the contract had a fixed price of $575, which tends to indicate an independent contractor relationship. *Stratton v Maine,* 336 Mich 163, 167; 57 NW2d 480 (1953). Moreover, plaintiff was clearly in control of his work. He had a "partner", who was obviously no more under defendant's control than was plaintiff. We have no doubt that the only control defendant possessed over plaintiff's work was the result. *Zoltowski v*

---

[1] "An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results." *Zoltowski v Ternes Coal & Lumber Co,* 214 Mich 231, 233; 183 NW 11 (1921). *See also Utley v Taylor & Gaskin, Inc,* 305 Mich 561, 570; 9 NW2d 842 (1943).

*Ternes Coal & Lumber Co, supra* at 233; *Utley v Taylor & Gaskin Inc, supra* at 570. In short, we believe the pleadings and plaintiff's deposition sustain the trial court's finding that plaintiff was an independent contractor.

Having properly ruled on this question, the trial court was justified in granting defendant's motion for summary judgment where absolutely no factual data was presented in plaintiff's deposition which would allow the inference that defendant knew of the defect in the neighbor's ladder. *Musser v East Side Gear & Tool Co,* 325 Mich 188, 192; 37 NW2d 890 (1949). Such knowledge would be a necessary element to prove were plaintiff to recover on an independent contractor basis.

We affirm the trial court in ruling the simple tool doctrine inapplicable where plaintiff was found an independent contractor as a matter of law. This doctrine is largely limited to the employer-employee relationship. However, even were we convinced plaintiff was an employee and not an independent contractor, still granting defendant's motion for summary judgment would be legally inevitable under case law dealing with the simple tool doctrine. *Rule v Giuglio, supra* at 83; *Pawlowski v Van Pamel,* 368 Mich 513, 514–515; 118 NW2d 395 (1962).

We have reviewed plaintiff's allegations of error and, finding none, sustain the court below.

Affirmed.