CRESSMAN v WRIGHT

Docket No. 49012. Submitted November 18, 1980, at Grand Rapids.—
Decided April 8, 1981. Leave to appeal applied for.

Robert Cressman brought an action against Russell Wright for
damages resulting from injuries he received while working on
defendant's property. Following trial, the jury returned a spe-
cial verdict for defendant, Clinton Circuit Court, Randy L.
Tahvonen, J. Plaintiff appeals, alleging that the trial court
erred in instructing the jury on the simple-tool doctrine. *Held:*

1. The trial court properly instructed the jury regarding the
application of the simple-tool doctrine. The doctrine is not an
affirmative defense, and its validity is not affected by the
Supreme Court's adoption of the doctrine of comparative negli-
gence or its abolition of the defenses of contributory negligence
and assumption of risk.

2. The simple-tool doctrine is applicable although the trial
court found that plaintiff was an independent contractor since
plaintiff alleged that defendant required him to use the tool.

3. The trial court's instructions to the jury, taken as a whole,
correctly stated the applicable law.

Affirmed.

T. M. BURNS, J., dissented. He would hold that the simple-tool
doctrine should apply only where a simple tool is being used for
a purpose for which it was designed, and where an employer
instructs an employee to use the tool in a manner not commen-
surate with its designated purpose the employer should not be
shielded from liability where injury to the employee results. He
would reverse and remand.

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 53 Am Jur 2d, Master and Servant § 189.

Hammer as simple tool within simple tool doctrine. 81 ALR2d 965.

[3-5] 53 Am Jur 2d, Master and Servant §§ 231 *et seq.,* 268.

[4] 41 Am Jur 2d, Independent Contractors § 30.

[5] 53 Am Jur 2d, Master and Servant §§ 251-256.

OPINION OF THE COURT

1. MASTER AND SERVANT — SIMPLE-TOOL DOCTRINE.

   An employer is under no obligation to his employee to inspect during their use those common tools and appliances with which the employee is familiar and to warn such employee of obvious defects of which the employee should be personally aware.

2. MASTER AND SERVANT — SIMPLE-TOOL DOCTRINE — AFFIRMATIVE DEFENSES.

   The simple-tool doctrine operates to relieve an employer from the duty to see that simple tools used by his employee are free from defects in the first instance or of thereafter inspecting them; having no duty under the doctrine, the employer cannot be held to be negligent and thus has no need to raise an affirmative defense to avoid liability for an employee's injury resulting from the use of simple tools.

3. MASTER AND SERVANT — SIMPLE-TOOL DOCTRINE — CONTRIBUTORY NEGLIGENCE — ASSUMPTION OF RISK.

   The simple-tool doctrine remains a valid rule of law in Michigan, the abolishment of the defenses of contributory negligence and assumption of risk notwithstanding.

4. MASTER AND SERVANT — SIMPLE-TOOL DOCTRINE — INDEPENDENT CONTRACTORS — PLEADINGS.

   The simple-tool doctrine is available to a defendant in an action for damages resulting from injuries received by the plaintiff in the use of a simple tool even though the trial court has ruled that the plaintiff was an independent contractor where the plaintiff alleged that the use of the tool was required by the defendant.

DISSENT BY T. M. BURNS, J.

5. MASTER AND SERVANT — SIMPLE-TOOL DOCTRINE.

   *The simple-tool doctrine should apply only where a simple tool is used for a purpose for which it was designed, and where an employer instructs an employee to use such tool in a manner not commensurate with its designated purpose the employer should not be shielded from liability where injury to the employee results.*

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay*), for plaintiff.

*Fortino, Plaxton & Moskal,* for defendant.

Before: MACKENZIE, P.J., and T. M. BURNS and BASHARA, JJ.

BASHARA, J. Plaintiff appeals from a judgment of no cause of action which was entered pursuant to a special jury verdict.

The plaintiff was severely injured when he fell from the defendant's porch roof. At the time of the accident, plaintiff was working with his brother, Gary Cressman, who had been hired by the defendant to repair his roof.

There is no dispute as to how the accident occurred. Plaintiff and his brother built a scaffold along the house. In order to get onto the scaffold, they placed defendant's wash bench on the roof of the porch which was at a lower level than the house roof. When plaintiff stepped from the scaffold onto the wash bench below, the bench collapsed. He grabbed the scaffold but it could not support him. Consequently, he fell to the concrete sustaining severe injuries.

The primary question at trial concerned the use of an old wash bench rather than a stepladder. Plaintiff and his brother testified that defendant required its use. They stated that defendant was concerned that a stepladder would damage the porch roof which had recently been replaced. Defendant denied having discussed the use of the bench with the workmen.

At the close of proofs, the trial court submitted to the jury a special verdict form. The court instructed the jury as follows:

"Now, you will note that you are asked 8 questions. Question no. 1, did defendant Russell Wright require use of the bench by Gary Cressman or plaintiff Robert Cressman. The answer is yes or no. You will recall my instruction with respect to this question of requiring

use of the bench. Now, if your answer to question 1 is no, you need go no further. The case is over and the matter is concluded. If and only if your answer to question 1 is yes, you would go on to question 2. Is the bench a simple tool as the Court has defined that term for you. Again, yes or no.

*   *   *

"Now, if your answer to question no. 2 is yes, this is a simple tool, again, the law suit is over. We need go no farther and you need answer no further questions. In the event your answer to question 2 *[sic]* is yes, use was required and your answer to question no. 2 is no, this is not a simple tool you would go on to question no. 3, was the defendant negligent as that has been defined for you. Again, yes or no."

Polling of the jury after the verdict was rendered revealed that the vote was four "yes" and two "no" on the first question, the defendant's requirement of the use of the wash bench. Rather than deliberate further on that question in order to reach the required five to one consensus, the jury proceeded to question two. The vote was unanimous that the wash bench was a simple tool. Therefore, the jury returned a verdict of no cause of action, as instructed.

After learning that the jury did not reach a decision on question one, the parties and the trial judge held a recorded discussion in chambers. Everyone agreed that since the jury was unanimous on question two, it did not matter whether the defendant required the use of the bench or not. Therefore, the court concluded that there would be no purpose served by sending the jury back to deliberate in order to reach an acceptable decision on question one. Both parties agreed, and the jury was dismissed.

On appeal, plaintiff raises several allegations of error concerning the jury instructions, only one of

which mertis discussion. Plaintiff argues that the simple-tool doctrine is no longer viable in Michigan, requiring reversal and a new trial. We disagree and affirm the verdict.

The simple-tool doctrine is an exception to the employer's duty to furnish his servant with reasonably safe machinery to perform the required work. *Sheltrown v Michigan Central R Co,* 245 Mich 58; 222 NW 163 (1928). The Court in *Sheltrown* held that a master is "under no obligation to his servants to inspect during their use those common tools and appliances with which everyone is familiar * * *". *Id.,* 63. The master's nonliability under the simple-tool exception rests upon the assumption that the employee is in the same, if not superior, position to observe the defect as the employer. *Id.,* 64.

Plaintiff asserts that the simple-tool doctrine is an affirmative defense, in turn based upon the defenses of contributory negligence and assumption of risk. Those defenses have been abolished by the Michigan Supreme Court in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), and *Felgner v Anderson,* 375 Mich 23; 133 NW2d 136 (1965), respectively. Therefore, the plaintiff argues that the simple-tool doctrine is no longer viable and the jury was improperly allowed to consider it as a defense. Plaintiff asserts that a comparative negligence instruction should have been given which would have required that the fault of each party be determined by the jury.

Whether the simple-tool doctrine has been abolished by the rule espoused in *Placek, supra,* or *Felgner, supra,* has not been previously considered. However, in *Rule v Giuglio,* 304 Mich 73; 7 NW2d 227 (1942), the Court explained that the doctrine is not dependent upon such defenses. Since the de-

fendant is held to have no duty under the doctrine, he is not negligent, and therefore he does not need to claim assumption of risk or contributory negligence on the part of the plaintiff in order to avoid liability. The Court stated:

" 'A statute denying to the employer the defense of assumption of risk does not deprive an employer of the benefit of the simple-tool doctrine, which, generally, relieves the employer from liability for defects in simple tools. The simple-tool doctrine operates, not because the employee assumes risk of injury from defects in such tools, but because the possibility of injury is so remote as not to impose upon the employer the duty of seeing that they are free from defects in the first instance or of afterward inspecting them. When an employee is injured from a defect in a simple tool, *the employer has no need of affirmative defenses,* such as the defense of assumption of risk.' 35 Am Jur, p 721." *Id.,* 80. (Emphasis added.)

Although the precise issue at bar was not raised, the simple-tool doctrine has been recognized in at least one case since the opinion in *Felgner, supra,* was released. See *Kendrick v Graddis,* 75 Mich App 383; 255 NW2d 14 (1977).

It is our conclusion that the simple-tool doctrine remains a valid rule. It is premised upon the belief that the employer owes no duty to warn the employee of obvious defects of which the employee should be personally aware. *Sheltrown, supra.* Therefore, it lessens the duty of care of the employer rather than acting as an affirmative defense to a breach of duty. Hence, abolition of the defenses does not alter the doctrine's viability.

Plaintiff also claims that even if the simple-tool doctrine remains operational in Michigan, it is not applicable to the case at bar because the trial court ruled that the plaintiff was an independent

contractor. Although it is true that the doctrine has traditionally been applied only in cases where a master-servant relationship exists, *Rule, supra, Kendrick, supra,* we hold that the fact plaintiff alleged the use of the bench was required by defendant renders the simple-tool doctrine applicable. *Cf. Signs v Detroit Edison Co,* 93 Mich App 626, 638; 287 NW2d 292 (1979).

The other issues raised are totally without merit. The instructions, read as a whole, correctly state the applicable law. *Berlin v Snyder,* 89 Mich App 38; 279 NW2d 322 (1979).

Affirmed; costs to defendant.

MacKENZIE, P.J., concurred.

T. M. BURNS, J. *(dissenting).* Respectfully, I dissent.

The question of whether the simple-tool doctrine remains viable in Michigan subsequent to the Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), appears to me to be irrelevant in this case as I would hold that even if that doctrine still does exist, it has no application in this suit.

The simple-tool doctrine states that an employer has no duty to an employee to inspect common tools for defects. See *Sheltrown v Michigan Central R Co,* 245 Mich 58; 222 NW 163 (1928). However, it would appear to clearly follow from this rule that the doctrine applies only where the simple tool is being used for a purpose for which it was designed. That is, an employer may not be liable for an injury to a worker that occurs when that worker is using a screwdriver for the purpose it was intended. But when the employer supplies the worker with a screwdriver and instructs him to use it as a hammer to pound nails, the em-

ployer should not be shielded from liability for any injury by the simple-tool doctrine. In such a case, the simple rules of ordinary negligence should apply as adopted by this state in *Placek.*

In this case, the wash bench that defendant instructed plaintiff to use may have been a simple tool that was reasonably safe when used as a wash bench. However, when defendant instructed plaintiff to use it as a walkway between a scaffolding and a roof, it was no longer a simple tool because it was not being used for its designed purpose. Therefore, the lower court erred in instructing the jury on the simple-tool doctrine in this case. The lower court simply should have instructed the jury to determine whether the defendant acted in a reasonably prudent manner when he required plaintiff to use the wash bench and to determine whether plaintiff was contributorily negligent.

Any artificial rules of negligence, such as the simple-tool doctrine, can only serve to confuse the jury and like the now discredited "stop, look, and listen" rule in automobile-negligence collision cases should be discarded.

I would reverse and remand this cause for a new trial.